UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| TOMMIE BRANCH, JR, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No.: 5:23-cv-00016 |
| HERSHEY CHOCOLATE OF VIRGINIA, LLC, | ) ) ) |
| Defendant. | ) ) |

## DEFENDANT'S NOTICE OF REMOVAL

Defendant Hershey Chocolate of Virginia, LLC ("Hershey"), by and through counsel, hereby removes this action from the Virginia Circuit Court for Rockingham County ("State Court") to the United States District Court for the Western District of Virginia, Harrisonburg Division. Removal is based on federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 and is authorized by 28 U.S.C. §§ 1441 and 1446. The grounds for removal are as follows:

## BACKGROUND

1. Plaintiff Tommie Branch, Jr. ("Plaintiff") commenced an action against Hershey by filing a Complaint docketed as Case No. 165CL23000574-00 in State Court on or about February 23, 2023. *See* **Exhibit A**. To Hershey's knowledge and information, no other process, pleadings, or orders have been filed or served in the State Court action.

2. Through its agent for service of process, Hershey received a copy of the Summons and Complaint in this matter on February 28, 2023 by process server. *See* **Exhibit B**.

3. In the Complaint, Plaintiff asserts a single cause of action for "violation of his rights" under the federal Family and Medical Leave Act ("FMLA"), 29 U.S.C. 2601, *et seq*. *See generally* **Exhibit A**.

## FEDERAL QUESTION JURISDICTION

4. Under 28 U.S.C. § 1331, the "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Likewise, under 28 U.S.C. § 1441(b), "[a]ny civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties."

5. A defendant may remove a case if the complaint establishes that the case "arises under" federal law. *See Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 10 (1983) (superseded by statute on other grounds). A case generally "arises under" federal law when the complaint "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Id*. at 27-28.

6. Here, the Complaint directly alleges claims and rights arising under a federal statute, the FMLA, 29 U.S.C. 2601, *et seq*. As such, the requirements for removal under 28 U.S.C. §§ 1331 and 1441 have been met.

## PROCEDURAL REQUIREMENTS

7. Pursuant to 28 U.S.C. § 1446(a), this Notice of Removal has been filed in the district court of the United States for the district and division within which the action is pending in State Court. *See* 28 U.S.C. § 127(b); W.D. Va. Local Rule 2(a)(5). Further, copies of all process, pleadings, and orders served in this action are attached as **Exhibit A**. 28 U.S.C. § 1446(a).

8. This Notice of Removal is timely under 28 U.S.C. § 1446(b) because fewer than thirty (30) days have elapsed since Hershey received a copy of the Complaint. *See Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (holding that removal deadline runs from date of service).

9. Pursuant to 28 U.S.C. § 1446(d), Hershey will promptly serve Plaintiff with this Notice of Removal and will promptly file a copy of this Notice of Removal with the clerk of the State Court in which the action is pending.

10. The undersigned is counsel for Hershey and is duly authorized to effect removal on behalf of Hershey under 28 U.S.C. § 1446(b).

## **CONCLUSION**

11. No waiver and no admission of fact, law, or liability, including, without limitation, the amount of damages, if any, is intended by this Notice of Removal, and all defenses, affirmative defenses, and rights are hereby reserved. Further, Hershey respectfully requests an opportunity to conduct limited discovery on the issue of this Court's jurisdiction, in the event Plaintiff challenges this Notice of Removal and such discovery were determined to be necessary. If any question arises as to the propriety of the removal of this action, Hershey requests the opportunity to present argument in support of its position that this case is removable.

WHEREFORE, pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, Hershey hereby effects the removal of this action from the State Court to the United States District Court for the Western District of Virginia, Harrisonburg Division.

Respectfully Submitted,

Date: March 21, 2023

*s/ Matthew J. Sharbaugh*
Matthew J. Sharbaugh (VSB No. 91219)
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, NW
Washington, DC 20004
(202) 739-5623
(202) 739-3001 (facsimile)
matthew.sharbaugh@morganlewis.com

*Counsel for Defendant*
Hershey Chocolate of Virginia, LLC

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I served via regular U.S. Mail, postage prepaid, and electronic mail a copy of the foregoing Defendant's Notice of Removal this 21st day of March 2023, on the following:

Terry Armentrout
ARMENTROUT ACCIDENT & INJURY LAW, LLC
2 South Main Street
Suite 301A
Harrisonburg, VA 22802
armentrout@thevirginialawyers.com


     _s/ Matthew J. Sharbaugh_
Matthew J. Sharbaugh (VSB No. 91219)
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, NW
Washington, DC  20004
(202) 739-5623
(202) 739-3001 (facsimile)
matthew.sharbaugh@morganlewis.com

*Counsel for Defendant*
Hershey Chocolate of Virginia, LLC